IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT L. CLARK,

    Petitioner,

v.                                               Civil Action No. 5:05CV147
                                              (Criminal Action No. 5:04CR9-09)
UNITED STATES OF AMERICA,                       (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION THAT PETITIONER'S
MOTION TO WITHDRAW PETITION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255 BE GRANTED,
GRANTING PETITIONER'S MOTION TO WITHDRAW
PETITION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255,
DISMISSING PETITION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255,
OVERRULING AS MOOT MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION THAT PETITION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255
BE DENIED AS TO TWO GROUNDS AND SETTING AN
EVIDENTIARY HEARING AS TO THIRD GROUND, AND DEEMING AS GRANTED
SECOND MOTION BY GOVERNMENT FOR EXTENSION OF TIME TO FILE
RESPONSE TO PETITIONER'S PETITION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

I.   Facts and Procedural History

On June 15, 2004, the petitioner, Robert L. Clark, signed a plea agreement by which he agreed to plead guilty to Count Thirty-Two of a forty-count indictment. Specifically, the petitioner pled guilty to aiding and abetting the possession with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2. In the plea agreement, the parties stipulated to total drug relevant conduct of

between two kilograms and three and one-half kilograms of cocaine. The parties further agreed to a two-level enhancement pursuant to United States Sentencing Guideline § 2D1.1(b)(1) for possession of a firearm. Additionally, the petitioner waived his rights to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> 11. Mr. Clark is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, and in exchange for the concessions made by the United States in this plea agreement, if the Court finds that the applicable guideline is 30 or less then the defendant knowingly and voluntarily waives the right to appeal any sentence or the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus), where the sentence is based upon a level 30 or less. If the Court departs upward or downward from the guideline range, the party opposing the departure has the right to appeal the departure. Otherwise than stated herein, in exchange for the defendant's waiver, the United States waives its right to appeal. In the event that there would be an appeal, each party reserves the right to argue in support of the sentence.

On June 24, 2004, the petitioner entered his plea in open court. The petitioner was 35 years old and a high school graduate. (Plea Hr'g Tr. 4.) The petitioner stated he understood and agreed with all the terms and conditions of the plea agreement. (Hr'g Tr. 11.) The Court specifically asked if the petitioner understood the

waiver of appellate and post-conviction rights. (Hr'g Tr. 12.) The Court asked the petitioner's counsel if he believed the petitioner understood the waiver of appellate and post-conviction relief rights. (Hr'g Tr. 12-13.) The Court then reviewed all the rights the petitioner was giving up by pleading guilty. (Hr'g Tr. 13-20.) During the plea hearing, the government presented the testimony of Special Agent Robert L. Manchas of the United States Drug Enforcement Agency to establish a factual basis for the plea. (Hr'g Tr. 20-24.) The petitioner did not contest the factual basis for the plea.

After the government presented the factual basis for the plea, the petitioner advised the Court that he was guilty of Count Thirty-Two of the indictment. The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Hr'g Tr. 24.) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Hr'g Tr. 24-25.) The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Hr'g Tr. 25.) Finally, the petitioner stated he was in fact guilty of the crime to which he was pleading guilty. (Hr'g Tr. 26.)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily; that the petitioner

understood the consequences of pleading guilty; and that the elements of Count Thirty-Two had been established. (Hr'g Tr. at 26.) The petitioner did not object to the Court's finding.

On September 13, 2004, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of seventy months of imprisonment. This sentence included a two-level enhancement for possession of a firearm.

On September 8, 2005, the petitioner, appearing pro se,[1] filed a petition to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The Court referred the case to United States Magistrate Judge James E. Seibert pursuant to 28 U.S.C. § 636. The government filed a response on January 12, 2006.[2] On June 12, 2007, Magistrate Judge

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

[2] On November 28, 2005, the Government filed a motion for an extension of time in which to file a response to the petitioner's § 2255 petition. The magistrate judge granted that motion on December 1, 2005. The Government subsequently filed a second motion for an extension of time to file its response. That motion does not appear to have been adjudicated. However, the Government filed its response on January 12, 2006, and the magistrate judge's report and recommendation on the merits of the petitioner's § 2255 petition refers to the Government's arguments as set forth in its response. Accordingly, this Court deems as granted the Government's second motion for an extension of the deadline for the filing of

4

Seibert entered a report and recommendation recommending that the petitioner's § 2255 petition be denied as to two grounds of relief, namely (1) that the petitioner's counsel was ineffective for not objecting to the two-point enhancement to the petitioner's sentence for possession of a firearm, which the petitioner asserts was unconstitutional, and (2) that his counsel was ineffective for not objecting to the mandatory enhancements that were arguably unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). However, the magistrate judge deferred making a recommendation as to the ground of relief asserting ineffective assistance of counsel for failure to appeal petitioner's amended sentence, and instead, set an evidentiary hearing on that matter. The petitioner was appointed counsel for the evidentiary hearing.

In his report and recommendation, the magistrate judge informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of his recommendation. The parties filed no objections.

Subsequently, the petitioner filed a motion to withdraw his § 2255 petition. Magistrate Judge Seibert, upon a finding that the petitioner's decision to withdraw was made knowingly, voluntarily, and intelligently after consultation with counsel, issued a second

its response.

report and recommendation recommending that the petitioner's motion to withdraw his § 2255 petition be granted.

The magistrate judge also informed the parties that any objections to the second report and recommendation must be filed in writing within ten days after the parties have been served with a copy of his recommendation. The parties filed no objections to the magistrate judge's second report and recommendation. For the reasons set forth below, this Court will affirm and adopt the magistrate judge's second report and recommendation recommending that the petitioner's motion to withdraw his § 2255 petition be granted; will grant the petitioner's motion to withdraw his § 2255 petition; will dismiss the petitioner's § 2255 petition; and will overrule as moot the magistrate judge's report and recommendation that the § 2255 petition be denied as to two grounds and setting an evidentiary hearing as to the third ground.

## II.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file

objections, this Court reviews the report and recommendation for clear error.

## III. Discussion

In his second report and recommendation, the magistrate judge specifically found that the petitioner made a knowing, voluntary, and intelligent decision to withdraw his § 2255 petition after consultation with his attorney. The petitioner was notified of his duty to file any objections with the Court in writing within ten days after the entry of the second report and recommendation. No objections were filed.

In the absence of any objections to the magistrate judge's finding that the petitioner's motion to withdraw was a knowing, voluntary, and intelligent decision which the petitioner made after consulting his attorney, this Court finds that the magistrate judge committed no clear error. Therefore, this Court finds that the magistrate judge's second report and recommendation should be affirmed and adopted in its entirety and that the petitioner's motion to withdraw his § 2255 petition should be granted. Accordingly, the petitioner's § 2255 petition must be dismissed, and the magistrate judge's first report and recommendation must be overruled as moot.

## IV. Conclusion

For the reasons set forth above, this Court AFFIRMS AND ADOPTS in its entirety the magistrate judge's report and recommendation

recommending that the petitioner's motion to withdraw his § 2255 petition be granted (Doc.608). Accordingly, the petitioner's motion to withdraw his § 2255 petition (Doc.606) is GRANTED, and the petitioner's § 2255 petition (Doc. 563) is DISMISSED. The Government's second motion for extension of time to file its response to the petitioner's § 2255 petition (Doc. 571) is deemed GRANTED. Further, the magistrate judge's report and recommendation recommending that the petitioner's petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be denied as to two grounds and setting evidentiary hearing as to the third ground (Doc. 603) is OVERRULED as moot. It is ORDERED that Civil Action No. 5:05CV147 be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      July 3, 2008

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE